IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANKIE LEE HOGG, #1198298, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2275-B |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Beto I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. The Court issued process in this case.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of aggravated robbery of an elderly person in Criminal District Court No. 2 of Dallas County, Texas, in Cause No. F02-55075. (Petition (Pet.) at 2). The jury assessed punishment, enhanced by two prior convictions, at forty-three years imprisonment. (*Id.*). The Court of Appeals

affirmed his conviction and sentence. *See Hogg v. State*, No. 05-03-01600-CR (Tex. App. -- Dallas May 13, 2004, pet. ref'd).

On April 21, 2005, Petitioner sought state habeas relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which the Texas Court of Criminal Appeals denied without written order on September 20, 2006. *Ex parte Hogg,* No. WR-34,290-03, at cover and 2.

In this federal petition, filed on December 11, 2006, Petitioner raises six main grounds for habeas relief along with numerous sub-issues:

1. Petitioner was denied his constitutional right to confront his accuser, namely the alleged victim or complainant (Pet. at 7);

2. The complainant's name in the police report and grand jury indictment is not the same as the name identified at trial (*Id.*);

3. Non-probative testimony submitted by improper witness (i.e., complainant's son) was presented at trial (*Id.*);

4. Trial counsel rendered ineffective assistance at every stage of trial (*Id.* at 7-8):
   a. Counsel failed to investigate; he did not call Petitioner's witnesses, and he did not interview emergency medical personnel (*Id.* at 8 & Suppl. Memorandum at 12);
   b. Counsel failed to secure Petitioner's right to confront his accuser (Suppl. Memorandum at 16);
   c. Counsel failed to make meritorious objections –
      i. Counsel failed to challenge state's failure to prove necessary elements of the crime -- namely the complainant's age and the appropriation of property without consent (Suppl. Memorandum at 19);
      ii. Counsel failed to challenge photographs of the complainant taken by the complainant's son a day or several days after the alleged robbery; (Suppl Memorandum at 20-21);
      iii. Counsel failed to object to an extraneous offense (threat to a witness) which was used against Petitioner to develop consciousness of guilt. (Suppl. Memorandum at 22);
   d. Counsel failed to challenge the prosecution case and in particular the conflicting testimony of Jwakia Wright (Suppl. Memorandum at 24);
   e. During closing argument, counsel admitted petitioner stole $4. (Suppl. Memorandum at 25).

5. Appellate counsel lacked command of the facts and failed to appeal viable issues, such as peremptory strikes and a racial exclusion issue (Pet. at 8, and Suppl. Memorandum at 25-26);

6. State post-conviction habeas proceedings were constitutionally inadequate (Pet. at 8).

In response to this Court's order to show cause, Respondent filed an answer along with the state court record, alleging that some of Petitioner's claims were unexhausted and procedurally barred, and that others lacked any merit. Petitioner filed a reply challenging Respondent's arguments.

Findings and Conclusions:

1. Unexhausted/Procedurally Barred Claims

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c) (West 2008); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his/her claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in a state application for a writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Respondent correctly points out that Petitioner did not adequately exhaust his first, second, third, fifth and sixth grounds. After meticulously reviewing the state court record, it is clear that Petitioner did not present any of these claims in his direct appeal and art. 11.07 writ. While he raised grounds one and two in his petition for discretionary review, he raised neither ground in the intermediate-appellate-court brief. *Myers v. Collins*, 919 F.2d 1074, 1077 (5th Cir. 1990) (exhaustion requirement is not satisfied if prisoner raises ineffective assistance of counsel claims in petition for discretionary of review without first obtaining review by intermediate appellate court).

Moreover, neither the state writ nor the brief in support raised the first, second, third, fifth and sixth grounds. See *Ex parte Hogg*, No. WR-34,290-03, at 1-9, and 10-61. The art. 11.07 writ alleged only four main claims -- ineffective assistance of trial counsel, insufficiency of the evidence, failure to disclose evidence favorable to the defendant, and challenge to the reasonable doubt instruction. *Id.* at 7-8. While Petitioner alleged facts relevant to his first and third grounds in his art. 11.07 writ and brief, he did so only in the context of trial counsel's ineffective assistance. Accordingly, he did not fairly present the substance of his claims in grounds 1-3, 5 and 6 to the state court. *See Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001)

The failure to properly present grounds to the highest court in Texas constitutes a procedural default that could bar this court from considering such claims on federal habeas review. *See In re Bagwell,* 401 F.3d 312, 315 (5th Cir. 2005); *Busby v. Dretke,* 359 F.3d 708, 724 (5th Cir. 2004). Were this court to require petitioner to present his grounds to the Court of Criminal Appeals, they would be subject to dismissal under the Texas abuse-of-the-writ doctrine. *See* Tex.Code Crim. Pro. Ann. art. 11.07, § 4. That doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have

4

been, but were not, raised in his first habeas petition." *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997) (footnote omitted). "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and . . . has been strictly and regularly applied since 1994." *Smith v. Johnson,* 216 F.3d 521, 523 (5th Cir. 2000). When such a state procedural ground exists, "federal courts ordinarily will not review questions of federal law." *Id.* Consequently, Petitioner has procedurally defaulted his first, second, third, fifth and sixth grounds for relief.

To overcome a procedural default, a petitioner must demonstrate cause and prejudice or a fundamental miscarriage of justice. *Id.* at 524 (quoting *Pitts v. Anderson,* 122 F.3d 275, 279 (5th Cir. 1997)). Petitioner has not attempted to overcome the procedural bar. Even when liberally construed, his pleadings do not show cause for failing to raise his claims to the Court of Criminal Appeals.[1] Nor can he establish that he is actually innocent of his offense of aggravated robbery of an elderly person. Accordingly, the procedural default doctrine bars federal habeas relief on his first, second, third, fifth and sixth grounds and the court will not review these claims further. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1996).[2]

---

[1] While the federal petition raises ineffective assistance of appellate counsel, the claims are limited to the peremptory strikes and the fact that appellate counsel asserted in appellant's brief that Petitioner testified that he "pushed" the complainant down. As a result, the alleged ineffective assistance of appellate counsel does not present a sufficient cause for failing to raise the claims to the intermediate court of appeals.

[2] With respect to the last ground – which raises infirmities in the state habeas proceeding -- the court notes that it fails to raise a ground for federal habeas corpus relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing *Trevino v Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984)).

2. <u>Merits Review of Ineffective Assistance of Trial Counsel Claims</u>

The AEDPA precludes habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The issue of ineffective assistance of counsel is a mixed question of law and fact. *Virgil v. Dretke*, 446 F.3d 598, 604 (5th Cir. 2006). Thus, the question before this court is whether the state courts' denial of relief was contrary to, or an unreasonable application of, United States Supreme Court precedent. *Schaetzle v. Cockrell,* 343 F.3d 440, 444 (5th Cir. 2003). Additionally, under the AEDPA, a state's factual findings are presumed correct unless rebutted by the petitioner with clear and convincing evidence. *Kitchens v. Johnson,* 190 F.3d 698, 700-01 (5th Cir. 1999).

When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005), *cert. denied*, 547 U.S. 1040 (2006). In evaluating a counsel's performance, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Titsworth v. Dretke*, 401 F.3d 301, 310 (5th Cir. 2005) *cert. denied*, 546 U.S. 1097 (2006) (citing *Strickland*, 466 U.S.

at 689). In determining prejudice, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 697.

    a.    <u>Failure to investigate, call eye-witnesses, and interview emergency medical personnel</u>

Plaintiff alleges that counsel failed to investigate, call eye-witnesses, and interview emergency medical personnel who treated the complainant at the scene of the crime. Allegations of a counsel's failure to investigate must include with specificity what the investigation would have revealed and how it would have altered the outcome of a defendant's case. *Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000).

Petitioner fails to provide any details whatsoever as to what kind of additional investigation counsel could have conducted, and what evidence such an investigation would have revealed. This is a case where defense counsel carried out pre-trial investigation. *Ex parte Hogg*, WR-34,290-03, Supp. Recd, at 7-9, for copy of counsel's affidavit. He not only reviewed the police report, but also asked the court to appoint an investigator, who in turn interviewed witnesses. *Id.* at 7-8. As a result, Petitioner's allegation that counsel failed to conduct pre-trial investigation is wholly conclusory. *Ross* v. *Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Even assuming counsel's conduct fell below an objective standard of reasonableness, Petitioner cannot show prejudice -- namely that any pre-trial investigation would have altered the outcome of his trial.

Next Petitioner complains that counsel did not subpoena three eye witnesses, who lived in the neighborhood where the incident occurred. He states that he gave counsel the name of

these three witnesses, but that counsel did not act on the information given. (Suppl. Mem. at 12).

Complaints of uncalled witnesses are not favored on collateral review because allegations of what the witnesses would have testified to are largely speculative. *Evans v. Cockrell,* 285 F.3d 370, 377 (5th Cir. 2002). "'[T]o demonstrate the requisite *Strickland* prejudice, [a habeas petitioner] must show not only that [the] testimony would have been favorable, but also that the witness[es] would have testified . . . .'" *Id.* (quoting *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985)).

Petitioner submits for the first time in this federal habeas proceeding, the affidavit of Louis Watson, one of the three purported eye witnesses. Mr. Watson, who watched the events from across the street, states that Petitioner did not assault the complainant in any manner. (Petitioner's Reply at Exh. D). According to Watson, the complainant initially chased Petitioner, and then fell and slid on the pavement, scarring himself. (*Id.*). With respect to the remaining two witnesses, Petitioner has presented no evidence that they would have been willing to testify, and the testimony that they could or would have testified if they had been called at trial.

Petitioner also submits that counsel failed to subpoena the emergency medical personnel who examined and treated Plaintiff at the scene of the crime. According to Petitioner, the paramedics would have been in the best position to provide a professional opinion regarding the complainant's injuries, if any, his mental state, and excited utterances.

The above allegations are insufficient to meet Petitioner's heavy burden under *Strickland* to establish that he was denied the effective assistance of counsel. Petitioner has failed to rebut the presumption that counsel's failure to call his three neighbors at trial was part of reasoned trial strategy. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Counsel focused his

defense strategy on the fact that a theft had not occurred since the complainant initially pulled out the money from his pocket and voluntarily gave some to Petitioner. Counsel also focused on the fact that the store clerk (Ms. Jwakia Wright, the sole eye-witness who testified at trial) was eight to ten feet away inside a convenience store, could not hear the conversation between Petitioner and the complainant, and gave inconsistent testimony about whether Petitioner took a money clip from the complainant. In light of this trial strategy, it is clear that any testimony from Mr. Watson, or the other bystanders, about whether Petitioner assaulted the complainant and whether the complainant actually chased Petitioner across the street and then fell and slid on the pavement, was irrelevant.

Moreover, contrary to Petitioner's assertion the police officers, not the paramedics, were the first emergency personnel at the scene of the crime. As such, the police officers were in the best position to testify at trial about the complainant's mental state, excited utterances, and facial injuries, as well as Petitioner's conduct and statements preceding and following his arrest.

Accordingly, the court concludes that counsel's performance was not objectively deficient. Even assuming counsel's conduct fell below an objective standard of reasonableness, Petitioner cannot show prejudice.

      b.      <u>Counsel failed to secure Petitioner's right to confront his accuser</u>

Next Petitioner argues his trial counsel was ineffective for failing to object to the absence of the complainant, Mr. Tom Moore, in violation of his confrontation clause rights. (*See* Suppl. Memorandum at 16). Under the Sixth Amendment, a criminal defendant "enjoy[s] the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Supreme Court held in *Crawford v. Washington,* 541 U.S. 36 (2004), that the Confrontation Clause bars

9

testimonial statements of a witness who does not appear at trial unless: (1) he was unavailable to testify; and (2) the defendant had a prior opportunity to cross-examine the witness. *Id*. at 59.

For purposes of this recommendation, the court presumes that Mr. Moore's statements to the police officers (the ones preceding as well as the one following Petitioner's arrest, all within a few minutes of the robbery) were testimonial in nature.[3]

It is undisputed that the complainant, Mr. Moore, was unavailable at trial. The complainant's son testified that his father was hospitalized and could not attend the trial. (Trial Tr. Vol. 3 at 12). Further, the state does not contend, and the record does not reflect, that Petitioner had a prior opportunity to cross-examine Mr. Moore.

Officer Richard Martinez testified that he arrived at the scene of the robbery within thirty seconds of when he received the dispatch call, and located the complainant (Mr. Moore) within less than a minute later. (Trial Tr. Vol. 3 at 30-31). Officer Booker Smith arrived right after Officer Martinez. (*Id.* at 63-65). Mr. Moore told both officers that he had been robbed. (*Id.* at 34 and 67). He explained to the officers that Petitioner had asked him for some money, that he

---

[3] The Confrontation Clause only applies to "testimonial" statements. *Crawford*, 541 U.S. at 50-51. The Supreme Court has held that statements in response to police interrogations regarding past events are "testimonial" statements for Confrontation Clause purposes. *Id*. In *Davis v. Washington*, 547 U.S. 813 (2006), the Supreme Court distinguished between testimonial and nontestimonial statements. It held that statements taken by police officers in the course of an interrogation are "nontestimonial," and not subject to the Confrontation Clause, when they are made "under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency," but that statements taken by police officers in the course of interrogation are "testimonial," and subject to the Confrontation Clause, "when the circumstances objectively indicate that there is no . . . ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id.* at 822. The Court in *Davis* noted that at times conversation that begins as an interrogation to determine the need for emergency assistance, may evolve into testimonial statements subject to the Confrontation Clause once that purpose has been achieved. *Id.* at 828.

tried to give Petitioner some of his money, but that Petitioner grabbed all the money from his hand. (*Id.* at 34-35, and 67-68). When the complainant tried to get the money back, by holding onto Petitioner's shirt, Petitioner turned around and punched the complainant in the face several times. (*Id.* at 35-36, and 67-68). Mr. Moore then gave the officers a brief description of Petitioner and pointed in the direction in which he had run away. (*Id.* at 36 and 68). Following Petitioner's arrest, Officer Martinez interviewed the complainant a second time, to get the entire story for the police report. (*Id.* at 45, 50-51). The complainant then personally identified Petitioner as the robber. (*Id.*).

While defense counsel objected to the officers' testimony on hearsay grounds (overruled on the basis of the excited utterance exception), he should also have objected on the basis of the Confrontation Clause. His failure to do so caused his representation to fall below an objective standard of reasonableness. Therefore, counsel's performance was deficient.

Under *Strickland*, however, a petitioner must show both deficient performance and prejudice. In this case, Petitioner has failed to show the required prejudice. The sole eye witness, Ms. Wright (the store clerk at the Chevron gas station where the robbery occurred), identified Petitioner as the robber. She saw Petitioner approach the complainant, take money away from him, and attempt to run away. (Trial Tr. Vol. 2 at 211-12). When the complainant grabbed Petitioner's shirt tails trying to get his money back, Ms. Wright testified that she saw Petitioner punch the complainant in the face a couple of times. (*Id.*). Petitioner has failed to show that but for his counsel's failure to object to Officers Martinez and Smith's testimony regarding Mr. Moore's statements on Confrontation Clause grounds, he would not have been convicted. His claim should be denied.

c.  Counsel failed to make meritorious objections

Petitioner raises numerous claims regarding counsel's failure to make meritorious objections. As set out more fully below any objection by counsel would have been meritless, and Petitioner cannot demonstrate that his attorney's failure to raise essentially frivolous issues constituted objectively deficient performance under the Sixth Amendment. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous abjection does not cause counsel's performance to fall below an objective level of reasonableness . . . ."). Alternatively, Petitioner cannot show any prejudice.

Petitioner argues counsel failed to challenge the state's failure to prove necessary elements of his crime -- the complainant's age and injuries, and appropriation of property without consent – i.e. theft. (Suppl. Memorandum at 19). With respect to the first element, Petitioner alleges there is a discrepancy in the identity of the complainant and his age. (*Id.* at 19). The complainant's son identified a picture of his father at trial. He conceded his father's name was Delston Duke Moore, but that he went by the name of Tom Moore. (Vol. 3 Trial Tr. at 9-10). Complainant's son further testified that his father was 83 years old at the time of the incident at issue in this case. (*Id.* at 11). Each of the police officers, who testified at trial, identified the complainant through the son's picture. Therefore, any objection with respect to the complainant's age and identity would have been frivolous.

Contrary to Petitioner's assertion, defense counsel's trial strategy focused primarily on challenging the State's contention that a theft had occurred, and highlighting inconsistencies in Ms. Wrights' testimony, the only eye-witness at trial. Therefore, Petitioner's contention that counsel failed to challenge the state's failure to prove theft -- a necessary element of an

12

aggravated robbery offense – and the inconsistencies in Ms. Wright's testimony is wholly meritless.

Next Petitioner asserts that counsel did not object to the admission of photographs of the complainant allegedly taken by the complainant's son two days after the alleged robbery. (Suppl. Memorandum at 21). He contends these photographs were not prepared or examined by an expert, that they displayed bodily injury, an element of the offense, and that he was prejudiced by counsel's failure to object. (*Id.*).

The photographs in question were properly admitted during the testimony of complainant's son. He identified his father and testified that his father "had gotten beat up," and that he saw injuries on his face when he first met him two days after the assault. (Vol. 3 Trial Tr. at 10). The police officers who testified at trial, as well as the store clerk, who witnessed the robbery, confirmed the complainant's facial injuries. Therefore, any objection to the admission of the photograph would have been meritless.

Petitioner contends counsel failed to object to an extraneous offense -- threat to a witness -- presented during the guilt/innocence phase of the trial. (Suppl. Memorandum at 22). He argues that this extraneous offense was used against him to develop consciousness of guilt.

This claim was raised on direct appeal. The court of appeals stated as follows:

> In his second point of error, appellant complains counsel provided ineffective assistance by failing to properly object to evidence of extraneous misconduct. At trial, a witness to the aggravated robbery testified that, after the police had arrested appellant and returned to the scene, appellant screamed at her "Bitch, I'm going to kill you." Appellant argues this evidence was irrelevant and inadmissible, and trial counsel failed to object on proper grounds to have it excluded.
>
> Extraneous criminal acts are admissible to show "consciousness of guilt." *See Ransom v. State*, 920 S.W.2d 288, 299 (Tex. Crim. App. 1994). Such acts include threats against witnesses. *Id.* Here, the evidence showed appellant threatened an eyewitness to

13

the crime while sitting in the police car immediately after his arrest. This evidence was relevant to show consciousness of guilt, had a purpose other than character conformity, and was admissible. Trial counsel was not ineffective for failing to lodge a futile objection. We overrule the second point of error.

*Hogg v. State of Texas*, No. 05-03-01600-CR, (need to cite in state court record)

Petitioner cannot show that the above state court's decision rejecting his claim of ineffective assistance of counsel was contrary to or an unreasonable application of clearly established federal law. He has presented no argument in support of his contention that counsel's failure to object to the extraneous offense amounted to ineffective assistance. Rather he attempts to give a different spin to the events leading to the extraneous act at issue. (Suppl. Mem. at 22-24). He explains that he was struggling with police officers in the back seat of the police car, and was very agitated as a result of the ongoing struggle and the fact that he had recently been maced with pepper spray. Since Petitioner did not name the witness in the statement, was struggling with police officers and was agitated, he asserts that the threat was "merely a matter of perception." (Suppl. Memorandum at 23). He posits that the threat, if any, was directed to the police officers' physical handling of Petitioner . . . [as] opposed to a witness." (*Id.* at 24). The court finds Petitioner's arguments unsubstantiated and patently frivolous.

        d.       <u>Defense Counsel failed to Challenge the Prosecution Case and the Conflicting Testimony of Jwakia Wright</u>

This ground is patently frivolous. Defense counsel vigorously challenged the prosecution case. As previously noted, he focused his defense strategy on the following: (1) a theft had not occurred since the complainant initially pulled out money from his pocket and voluntarily gave it to Petitioner, and (2) the state failed to produce the complainant and based its case primarily on hearsay testimony. (Vol. 3 Trial Tr. at 108-112). Counsel also focused on challenging the reliability of Ms. Wrights' testimony, the sole eye-witness at trial. (*Id.*). He concentrated on the

fact that the store clerk was eight to ten feet away inside a convenience store, could not hear the conversation between Petitioner and the complainant, and gave inconsistent testimony about whether Petitioner took a money clip from the complainant. (*Id.*). Counsel highlighted the fact that the police officers had made reference to a wallet and a "wad" of money, and that no money clip was ever recovered, even though Petitioner was apprehended within three or four minutes of the alleged robbery.[4] (*Id.*).

Petitioner cannot show that counsel's performance constituted objectively deficient performance, and that he was prejudiced.

  e.  Counsel's Closing Argument

In his last ground, Petitioner challenges counsel's closing argument during the punishment phase of the trial, insofar as it admitted that Petitioner had stolen $ 4.00 from complainant. (Suppl. Memorandum at 25). Petitioner cannot show that counsel's conduct fell below an objective standard of reasonableness. While counsel admitted the stealing of the $4.00, he did so in the context of the punishment phase of the trial; Petitioner's guilt had already been established. (Vol. 4 Trial Tr. at 78-80). Moreover, counsel was arguing to the jury that the crime at issue – the taking of the $4.00 – was not an aggravated offense. (*Id.*). Petitioner did not use a weapon, and merely turned around and attempted to leave. (*Id.*).

Even assuming counsel's admission was deficient, Petitioner cannot establish that he was prejudiced. As noted above, defense counsel vigorously argued for a sentence on the lower end

---

  [4] It is interesting to note that defense counsel on cross examination brought out Ms. Wright's testimony that Petitioner took the money clip from complainant. (Vol. 2 Trial Tr. at 229-231).

of the range in light of the small amount of money involved, and the non-aggravated nature of the crime.

In conclusion, Petitioner cannot show that the state court's decision rejecting his claims of ineffective assistance of trial counsel were contrary to or an unreasonable application of clearly established federal law. *See Miller v. Dretke*, 420 F.3d 356, 360 (5th Cir. 2005) (ineffective assistance claims involve mixed questions of law and fact and, as such, are reviewed under the unreasonable application prong of § 2254(d)). Therefore, ground four, with its numerous sub-issues, should be denied.

3.  Evidentiary hearing

Insofar as Petitioner requests an evidentiary hearing, his motion is denied. (Suppl. Memorandum at 37). The AEDPA limits the circumstances in which a habeas corpus petitioner may obtain an evidentiary hearing in federal court, imposing a significant burden on petitioners who fail diligently to develop the factual bases for their claims in state court. *See Williams v. Taylor*, 529 U.S. 420, 433-34 (2000) (prisoners who are at fault for the deficiency in the state court record must satisfy a heightened standard to obtain an evidentiary hearing); 28 U.S.C. § 2254(e)(2). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. at 437. Under the AEDPA, if a petitioner failed to develop the factual basis of a claim in state court, he is entitled to a federal evidentiary hearing only if (1) the claim relies on either (a) a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence *and* (2) the facts underlying the

16

claim are sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. *Foster v. Johnson*, 293 F.3d 766, 775 n. 9 (5th Cir. 2002); 28 U.S.C. § 2254(e)(2).

Petitioner was afforded a full and fair opportunity to develop and litigate his claims for relief during his state habeas corpus proceeding. Petitioner has presented this Court with no new evidence or factual theories supporting any of his claims that were unavailable to him, despite the exercise of due diligence, during his state habeas corpus proceeding. Likewise, Petitioner does not identify any new legal theories supporting his claims for relief herein that were unavailable at the time he filed and litigated his state habeas corpus claims. Petitioner does not offer any *rational* explanation for his failure to fully develop any and all evidence supporting his claims during his state habeas evidentiary hearing. Nor does he identify any additional evidence which he and his state habeas counsel were unable to develop and present to petitioner's state habeas court despite the exercise of due diligence on their part. Under such circumstances, Petitioner is not entitled to a federal evidentiary hearing to further develop the facts supporting his claims.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DENIED.

Signed this 29th day of April, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.